**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11208

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AUNYIS CHERRY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00187-KKM-NHA-1

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Aunyis Cherry appeals his conviction for being a felon in possession of a firearm and his 120-month sentence. He contends that his conviction is unconstitutional and that the district court

erred when it imposed two sentencing enhancements under the Sentencing Guidelines.  After careful review, we affirm.

## I

In 2021, Mr. Cherry was charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  At a jury trial, he was found guilty of the first charge and acquitted of the second and third charges.

The district court initially sentenced Mr. Cherry to 275 months' imprisonment after enhancing his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  We vacated that sentence because the predicate offenses that served as the basis for the enhancement "d[id] not qualify as serious drug offenses for purposes of the ACCA," and the district court committed plain error in concluding otherwise. *See United States v. Cherry*, 2025 WL 400724, at *2–3 (11th Cir. Feb. 5, 2025).

On remand for resentencing, the probation officer calculated a base offense level of 20 and applied a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the firearm at issue was stolen, and then a four-level enhancement pursuant to § 2K2.1(b)(6)(B) for possession of the firearm in connection with another felony offense.  The probation officer therefore calculated Mr. Cherry's offense level as 26.

Mr. Cherry objected to the two enhancements, arguing that (1) there was no evidence that he knew that the firearm was stolen and (2) the four-level enhancement relied on conduct for which he had been acquitted. The district court overruled both objections and calculated his offense level as 26 and his criminal history category as V. As a result, the Sentencing Guidelines provided for an advisory sentence of 110–120 months imprisonment. The district court sentenced Mr. Cherry to 120 months imprisonment to be followed by 36 months of supervised release. The district court also stated: "For the record, I would impose this 120 months regardless of how I ruled on the objections in light of what I think is an appropriate disposition." D.E. 216 at 31.

On appeal, Mr. Cherry raises the objections he asserted at resentencing with respect to the Guidelines enhancements. He now also contends that his § 922(g)(1) conviction violates the Second Amendment.

## II

When a party challenges the constitutionality of a statute for the first time on appeal, we review for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). We review constitutional challenges to a sentence de novo. *See United States v. Bowers*, 811 F.3d 412, 430 (11th Cir. 2016). And "[w]e review the reasonableness of a sentence under an abuse-of-discretion standard." *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023) (quoting *United States v. Melgen*, 967 F.3d 1250, 1264 (11th Cir. 2020)).

### III

Relying on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Mr. Cherry argues that the felon-in-possession statute is unconstitutional because his right to carry a firearm in self-defense is constitutionally protected under the Second Amendment, even as a formerly convicted felon.  He acknowledges, however, that we held in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that the restrictions on firearm possession imposed on individuals with felony convictions under § 922(g)(1) are constitutional.

We have subsequently held that neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 680 (2024), abrogated *Rozier*.  *See United States v. Dubois*, 139 F.4th 887, 889 (11th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 570 (2026).  Because *Rozier* has not been abrogated, we (and the district court) remain bound thereby.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").  Finding no error (much less plain error), we affirm Mr. Cherry's conviction under § 922(g)(1).

### IV

Mr. Cherry next argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because there was no evidence that he knew or reasonably should have known that the firearm at issue was stolen and application of

the enhancement based on a fact that he had no knowledge of violates his right to due process.

Again, he acknowledges that these issues are foreclosed by prior precedent.  In *United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993), we held that § 2K2.1(b)(4) unambiguously imposes "no mens rea requirement," and "that the lack of a mens rea element in [§ 2K2.1(b)(4)(A)] does not offend due process."  Nonetheless, Mr. Cherry asks that we revisit *Richardson* in light of the intervening decisions in *Kisor v. Wilkie*, 588 U.S. 558 (2019), and *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023).  But again, he acknowledges that we held in *United States v. Dubois*, 94 F.4th 1284, 1301 (11th Cir. 2024), *cert. granted, judgment vacated sub nom.*, *Dubois v. United States*, 145 S. Ct. 1041 (2025), *reinstated*, 139 F.4th 887, 889 (11th Cir. 2025), that *Richardson* was not abrogated or undermined by *Kisor* or *Dupree*.

For reasons we explained in *Dubois*, we adhere to *Richardson*.  In *Richardson*, we held that "[t]he provisions of [§] 2K2.1(b)(4) are not ambiguous; there is clearly no mens rea requirement."  8 F.3d at 770.  That holding "rested only on the guideline's text," not the commentary.  *See Dubois*, 94 F.4th at 1301.  So *Kisor* and *Dupree* do not undermine the holding in *Richardson*.  *See id*.  We therefore affirm the two-level enhancement under § 2K2.1(b)(4)(A).

## V

Finally, Mr. Cherry contends that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because it relied on acquitted conduct in doing so, violating both

U.S.S.G. § 1B1.3(c)'s prohibition on relying on acquitted conduct and Mr. Cherry's Fifth and Sixth Amendment rights to due process and trial by jury. The government responds that any error in the district court's application of the four-level enhancement is harmless because the court stated that it would have imposed the same sentence regardless of its ruling on Mr. Cherry's objection to the four-level enhancement and the 120-month sentence is substantively reasonable. Mr. Cherry did not file a reply brief, so we do not have a response from him on this point.

Because the government has demonstrated that any error by the district court in this regard was harmless, we affirm Mr. Cherry's sentence.

As we explained in *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006), "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *Id.* at 1349 (quotation omitted). When the district court has "told us that its resolution of the . . . enhancement issue did not matter because it would have imposed the same sentence, using its [18 U.S.C.] § 3553(a) authority, even without the enhancement," we need only ensure that the sentence imposed under the "fallback reasoning of § 3553(a) [was] reasonable." *Id. See also United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022) ("[W]e need not review a sentencing issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable.") (quotation omitted). At the second step, we "assume

that there was a guidelines error . . . and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Keene*, 470 F.3d at 1349.

Here the district court stated that it "would impose [a sentence of] 120 months regardless of how [it] ruled on [Mr. Cherry's] objections" under the Guidelines. *See* D.E. 216 at 31. As the court explained, it viewed "the statutory maximum [a]s the appropriate disposition given [Mr. Cherry's] criminal history and the facts of this case." *Id.* Given that statement, we will affirm the sentence if it was substantively reasonable. *See Grushko*, 50 F.4th at 18. Assuming there was error with respect to the four-level enhancement, the recommended range under the Guidelines would then have been 77 to 96 months. The question, therefore, is whether the district court's upward variance to the statutory maximum of 120 months—24 months higher than the recommended maximum under the Guidelines—is reasonable.

The district court's task is to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of § 3553(a). *See United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quoting 18 U.S.C. § 3553(a)). The court must consider all of the § 3553(a) factors, but it may give greater weight to one factor over the others. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).

"[W]e review all sentences under a deferential abuse-of-discretion standard." *United States v. Henry*, 1 F.4th 1315, 1319 (11th

Cir. 2021). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *United States v. Rodriguez*, 75 F.4th 1231, 1242 (11th Cir. 2023) (quotation omitted). Thus, "[e]ven as to a substantial variance, we will not reverse a sentence unless we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Johnson*, 803 F.3d 610, 618–19 (11th Cir. 2015) (quotation omitted).

The district court determined that the statutory maximum, reflecting a 24-month upward variance (assuming the four-level enhancement was improper), was appropriate based on the circumstances of the offense and Mr. Cherry's criminal history. It focused principally on (1) the fact that Mr. Cherry "had a firearm when [he] w[as] not permitted to have one and escalated the situation with law enforcement" by fleeing, and (2) Mr. Cherry's "long and . . . significant" criminal history. *See* D.E. 216 at 29. We are not "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences" based on its consideration of those factors. *See Johnson*, 803 F.3d at 618–19 (quotation omitted).

The district court appropriately considered "the nature and circumstances of the offense," i.e., Mr. Cherry's possession of a firearm and flight from law enforcement. *See* § 3553(a)(1). And "when

a court chooses to give substantial weight to a defendant's criminal record, that choice is entirely consistent with § 3553(a) because five of that section's factors are related to criminal history." *United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021). Mr. Cherry has a lengthy criminal history, which includes several drug- and theft-related offenses, as well as obstruction offenses. "[W]e have recognized the 'Supreme Court has consistently affirmed the imposition of longer sentences, even for non-violent offenses, based on an offender's recidivism.'" *Riley*, 995 F.3d at 1279 (quoting *United States v. Lyons*, 403 F.3d 1248, 1256–57 (11th Cir. 2005)). As we explained in *Riley*, "the [sentencing] court may correctly conclude that previous punishment for criminal conduct failed to deter [the defendant] and that a harsher sentence is warranted." *Id.* at 1280. That is what the district court did here: after considering the circumstances of the offense and Mr. Cherry's "long and . . . significant" criminal history, the court determined that "a significant term of imprisonment is needed to reflect the seriousness of what [he'd] done and promote just respect of the law and adequate punishment as well as deterrence for [Mr. Cherry.]" D.E. 216 at 29.

The district court did not abuse its discretion in weighing the § 3553(a) factors, and the 120-month sentence was within the range of reasonable sentences in the circumstances. *See e.g.*, *Shaw*, 560 F.3d at 1239–40 (affirming as reasonable 120-month statutory maximum sentence for § 922(g)(1) offense, reflecting an upward variance from the guideline range of 30 to 37 months, based principally on history of recidivism). Thus, even if the court erred in applying the four-level enhancement, that error was harmless.

## VI

For the foregoing reasons, we affirm Mr. Cherry's conviction and sentence.

**AFFIRMED.**